**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 3:17-cr-86-J-32JRK

KEVIN ANTHONY CLARK

---

### **O R D E R**

This case is before the Court on Defendant Kevin Clark's Motion to Dismiss Indictment, (Doc. 73), and Motion in Limine to the Government's Proposed "Expert" Testimony, (Doc. 74). The Government filed a consolidated response in opposition. (Doc. 78). On September 28, 2018, the Court held an evidentiary hearing on the motions, the record of which is incorporated herein. (Doc. 95). At the conclusion of the hearing, the Court requested additional briefing from the parties. However, upon reflection, the Court does not think the additional briefing is necessary and is prepared to rule.

### **I. BACKGROUND**

On May 10, 2017, Clark was indicted for conspiring to import and possess with intent to distribute a substance known as 4'-methyl-pyrrolidinohexiophenone, also known as MPHP, in violation of 21 U.S.C. §§ 841(a)(1), 846, 952(a), and 960(b)(3). MPHP is not on the schedules of

controlled substances, but the Government contends it is a controlled substance analogue, making it a controlled substance in schedule I. 21 U.S.C. § 813. The Government says that MPHP is an analogue to alpha-pyrrolidinopentiophenone, known as a-PVP. (Doc. 78 at 1). On March 7, 2014, the Attorney General, pursuant to 21 U.S.C. § 811(h), temporarily made a-PVP a schedule I controlled substance. Schedules of Controlled Substances: Temporary Placement of 10 Synthetic Cathinones Into Schedule I, 79 Fed. Reg. 12938-01 (Mar. 7, 2014). After its temporary status was extended, a-PVP became a permanent schedule I controlled substance on March 1, 2017. Schedules of Controlled Substances: Placement of 10 Synthetic Cathinones Into Schedule I, 82 Fed. Reg. 12171-02 (Mar. 1, 2017).

Clark now seeks to dismiss the indictment, (Doc. 73), and to exclude the Government's experts, (Doc. 74). At the hearing, the Court heard from both of the Government's experts, Dr. Sandy Ghozland and Dr. Thomas DiBerardino, and from Clark's expert, Dr. Gregory Dudley.

## II. DISCUSSION

### A. Motion to Dismiss

Clark claims that the Analogue Act, 21 U.S.C. §§ 802(32)(A), 813, is "void for vagueness" as applied to the facts of this case. (Doc. 73 at 3–4). Additionally, Clark claims that application of the statute to his conduct in this case is unconstitutionally <u>ex post facto</u>. (Doc. 73 at 4). However, Clark's challenge is

as-applied; consequently, the Court must defer ruling on the issue until it has heard the evidence at trial. See, e.g., Maynard v. Cartwright, 486 U.S. 356, 361 (1988) ("Vagueness challenges to statutes not threatening First Amendment interests are examined in light of the facts of the case at hand; the statute is judged on an as-applied basis.").

**Motion in Limine**

Federal Rule of Evidence 702 governs the admissibility of expert testimony and states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. Rule 702 requires judges to act as the gatekeeper to ensure that expert testimony "is not only relevant, but reliable." Daubert v. Merrell Dow Pharm., Inc, 509 U.S. 579, 589 (1993); see also Kumho Tire Co. v. Carmichael, 526 U.S. 137, 147 (1999) (holding that Daubert's gatekeeping obligation applies to all expert testimony). This requires that the testimony be "more than subjective belief or unsupported speculation." Daubert, 509 U.S. at 590. Whether such testimony is reliable "depends on the particular facts and

circumstances of the particular case." Hughes v. Kia Motors Corp., 766 F.3d 1317, 1329 (11th Cir. 2014) (quotation marks omitted) (quoting Kumho Tire Co., 526 U.S. at 158).

The party offering the expert testimony bears the burden of demonstrating admissibility by a preponderance of the evidence, and this burden is "substantial." Cook ex rel. Estate of Tessier v. Sheriff of Monroe Cty., 402 F.3d 1092, 1107 (11th Cir. 2005). To be admissible, the proponent of the testimony must satisfy three requirements:

> First, the expert must be qualified to testify competently regarding the matter he or she intends to address. Second, the methodology used must be reliable as determined by a Daubert inquiry. Third, the testimony must assist the trier of fact through the application of expertise to understand the evidence or determine a fact in issue.

Arthur v. Comm'r, Ala. Dep't of Corr., 840 F.3d 1268, 1309 (11th Cir. 2016). If the testimony satisfies these three requirements, it must then still satisfy Rule 403. United States v. Frazier, 387 F.3d 1244, 1263 (11th Cir. 2004) (en banc).

The reliability prong is distinct from an expert's qualifications; thus, an expert can be qualified but his opinions unreliable. Id. "[A] basic foundation for admissibility [is] that '[p]roposed [expert] testimony must be supported by appropriate validation—*i.e.,* "good grounds," based on what is known.'" Id. (second and third alterations in original) (quoting Daubert, 509 U.S. at 590). The Supreme Court provided a non-exhaustive list of factors to guide district

4

courts in assessing the reliability of expert opinions: "(1) whether the expert's theory can be and has been tested; (2) whether the theory has been subjected to peer review and publication; (3) the known or potential rate of error of the particular scientific technique; and (4) whether the technique is generally accepted in the scientific community." Kilpatrick v. Breg, Inc., 613 F.3d 1329, 1335 (11th Cir. 2010) (citing Daubert, 509 U.S. at 593–94).

After hearing the testimony, the Court is satisfied that the Government has proven by a preponderance of the evidence that each expert is qualified, used reliable methodologies in formulating their opinions, and will assist the trier of fact. Frazier, 387 F.3d at 1263.[1] Cross-examination can expose any weaknesses in the experts' opinions.

## III. CONCLUSION

Accordingly, it is hereby

**ORDERED:**

1. Clark's Motion to Dismiss Indictment, (Doc. 73), is **DEFERRED**.

2. Clark's Motion in Limine to the Government's Proposed "Expert" Testimony (Doc. 74), is **DENIED**.

---

[1] Moreover, the experts' testimony does not run afoul of Rule 403, Federal Rules of Evidence.

3. The Government's <u>ore tenus</u> motion to exclude Dr. Dudley's opinions and testimony related to pharmacological effects is **DENIED**. If the Government is so inclined, it may file a written motion to exclude Dr. Dudley.

4. At the hearing, Clark made an unopposed motion to continue the case until the December, 2018 trial term. For the reasons stated on the record, the Court finds that the ends of justice served by the continuance outweigh the best interests of the public and the defendant in a speedy trial, 18 U.S.C. § 3161(h)(7)(A); thus, the <u>ore tenus</u> motion for a continuance is **GRANTED**. The Court will conduct a status conference on **October 22, 2018**, **at 3:00 p.m.** in the United States Courthouse, Courtroom 10D, 300 North Hogan Street, Jacksonville, Florida.[2] Defendant's presence is required.

**DONE AND ORDERED** in Jacksonville, Florida this 2nd day of October, 2018.

*[signature]*

TIMOTHY J. CORRIGAN
United States District Judge

---

[2] All persons entering the Courthouse must present photo identification to Court Security Officers. Although cell phones, laptop computers, and similar electronic devices are not generally allowed in the building, counsel are permitted to bring those items with them upon presentation to Court Security Officers of a Florida Bar card or Order of special admission <u>pro hac vice</u>.

jb
Copies to:

Counsel of record